**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ESTATE OF GREG JANOWSKI,**

    **Plaintiff,**

v.                                                                       Case No.  8:10-cv-1381-T-30AEP

**PUBLIX SUPER MARKETS, INC.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion to Remand (Dkt. 6) and Defendant Publix Super Markets, Inc.'s ("Publix") Response in Opposition (Dkt. 7). The Court, having considered the motion and response, and being otherwise advised in the premises, concludes that the motion should be granted.

### Background

Plaintiff originally filed this action in Florida state court on June 1, 2010. Plaintiff's cause of action is based upon the shooting death of Greg Janowski, a Publix employee, which occurred in the parking lot of the Tarpon Springs Publix store prior to the start of his shift. Janowski was allegedly shot by former Publix co-worker Arunya Rouch. Plaintiff alleged that Rouch was known to be emotionally unstable and that she had specifically warned Publix that she intended to kill Janowski. Plaintiff brought counts for ordinary negligence; negligence under the intentional tort exception to Florida Statute § 440.11(1)(b) (pled in the alternative); and negligent hiring, retention, and supervision. In addition, Plaintiff brought

two counts challenging the constitutionality of Florida Statute § 440.11(1)(b) on its face and as applied to Plaintiff.

Publix removed this action from state court on the basis of federal question jurisdiction. Plaintiff now moves for remand of this action back to Florida state court.

## Discussion

When reviewing a motion to remand, the party seeking removal has the burden of establishing that subject matter jurisdiction exists and removal is appropriate. *See Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994). Whether removal is proper depends on whether the case originally could have been filed in federal court. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Removal jurisdiction is construed narrowly, and any doubts regarding the existence of federal jurisdiction are resolved in favor of the non-removing party. *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375 (1994). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen,* 511 U.S. at 377. Federal question jurisdiction exists over civil actions that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The federal questions must be disclosed upon the face of the complaint, unaided by the answer." *Phillips Petroleum Co. v. Texaco, Inc*., 415 U.S. 125, 127-128 (1974) (internal quotations omitted). "Moreover, 'the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.'" *Id.* (*quoting Gully v. First National Bank*, 299 U.S. 109, 113 (1936)).

Publix argues that Plaintiff's claims challenging the constitutionality of the Florida statute makes this case subject to removal based on federal question jurisdiction. These constitutional claims are brought in the alternative "in the event that Publix seeks immunity under the provisions of Florida Worker's Compensation Law, codified in F.S. Chap. 440.01 et seq." (Dkt. 2, ¶¶ 65 and 85). The language of these allegations establishes that these claims are clearly brought in anticipation of a potential defense, i.e., immunity under the Florida Worker's Compensation Law. Had Publix not alleged such a defense, those two counts would be moot. Federal question jurisdiction cannot be based on claims brought in anticipation or avoidance of a potential defense.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Remand (Dkt. 6) is **GRANTED**.

2. The Clerk is directed to **REMAND** this case to the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida. The Clerk is also directed to forward a certified copy of this Order to that Court.

3. The Clerk is also directed to **CLOSE** this case and terminate any pending motions.

**DONE** and **ORDERED** in Tampa, Florida on November 16, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2010\10-cv-1381.remand 6(2).wpd